01

02

03

04

05                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF WASHINGTON
06                              AT SEATTLE

07   MARLIN L. GEORGE, JR,                    )
                                              )   CASE NO.   C13-5767-RAJ-MAT
08           Plaintiff,                       )
                                              )
09           v.                               )   REPORT AND RECOMMENDATION
                                              )   RE: SOCIAL SECURITY DISABILITY
10   CAROLYN W. COLVIN, Acting                )   APPEAL
     Commissioner of Social Security,         )
11                                            )
             Defendant.                       )
12   _____)

13           Plaintiff Marlin L. George, Jr. proceeds through counsel in his appeal of a final decision

14   of the Commissioner of the Social Security Administration (Commissioner).      The

15   Commissioner denied plaintiff's application for Supplemental Security Income (SSI) after a

16   hearing before an Administrative Law Judge (ALJ).   Having considered the ALJ's decision,

17   the administrative record (AR), and all memoranda of record, the Court recommends this

18   matter be REMANDED for further proceedings.

19                        **FACTS AND PROCEDURAL HISTORY**

20           Plaintiff was born on XXXX, 1981.[1]   He has a GED (AR 120), and past work as a

21

22           1 Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of
     Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

01  fishing vessel deckhand and construction worker II. (AR 34.)

02       Plaintiff filed an application for SSI on August 9, 2010, alleging disability beginning

03  August 12, 2010.   Plaintiff's application was denied at the initial level and on reconsideration,

04  and he timely requested a hearing.

05       On April 24, 2012, ALJ Glen G. Meyers held a hearing, taking testimony from plaintiff,

06  his wife, and a vocational expert.   (AR 41-90.)   On May 10, 2012, the ALJ issued a decision

07  finding plaintiff not disabled.   (AR 23-36.)

08       Plaintiff timely appealed.   The Appeals Council denied plaintiff's request for review

09  on May 21, 2013 (AR 1-5), making the ALJ's decision the final decision of the Commissioner.

10  Plaintiff appealed this final decision of the Commissioner to this Court.

11  **<u>JURISDICTION</u>**

12       The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

13  **<u>DISCUSSION</u>**

14       The Commissioner follows a five-step sequential evaluation process for determining

15  whether a claimant is disabled.   *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).   At step one, it

16  must be determined whether the claimant is gainfully employed.   The ALJ found plaintiff had

17  not engaged in substantial gainful activity since the alleged onset date.   At step two, it must be

18  determined whether a claimant suffers from a severe impairment.   The ALJ found plaintiff's

19  left femur fracture status post intramedullar rodding, adjustment disorder with anxious mood,

20  and polysubstance abuse and alcohol abuse in remission severe.   Step three asks whether a

21  claimant's impairments meet or equal a listed impairment.   The ALJ found plaintiff's

22  _____

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

01  impairments did not meet or equal the criteria of a listed impairment.

02       If a claimant's impairments do not meet or equal a listing, the Commissioner must

03  assess residual functional capacity (RFC) and determine at step four whether the claimant has

04  demonstrated an inability to perform past relevant work.   The ALJ found plaintiff able to

05  perform light work as defined in 20 C.F.R. § 416.967(b), except that he cannot stoop, crawl,

06  balance, crouch, or kneel.   Plaintiff can perform simple repetitive tasks, cannot have contact

07  with the public, can have frequent contact with supervisors and co-workers, and would have

08  less than one unscheduled absence per month.   With that assessment, the ALJ found plaintiff

09  unable to perform his past relevant work.

10       If a claimant demonstrates an inability to perform past relevant work, the burden shifts

11  to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

12  an adjustment to work that exists in significant levels in the national economy.   With the

13  assistance of a vocational expert, the ALJ found plaintiff capable of performing other jobs, such

14  as small products assembler II and poultry dresser.

15       This Court's review of the ALJ's decision is limited to whether the decision is in

16  accordance with the law and the findings supported by substantial evidence in the record as a

17  whole.   *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).   Substantial evidence means

18  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

19  reasonable mind might accept as adequate to support a conclusion.   *Magallanes v. Bowen*, 881

20  F.2d 747, 750 (9th Cir. 1989).   If there is more than one rational interpretation, one of which

21  supports the ALJ's decision, the Court must uphold that decision.   *Thomas v. Barnhart*, 278

22  F.3d 947, 954 (9th Cir. 2002).

REPORT AND RECOMMENDATION
PAGE -3

01          Plaintiff argues the ALJ failed to fully explain the weight given to the opinion of Dr.

02   Raymond West and failed to give legally sufficient reasons for rejecting the opinion of treating

03   psychiatrist Ann Bruce, M.D.   He requests remand for further administrative proceedings.

04   The Commissioner argues the ALJ's decision is supported by substantial evidence and should

05   be affirmed.

06                                     Medical Opinion Evidence

07          The ALJ may reject physicians' opinions "by setting out a detailed and thorough

08   summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and

09   making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes*,

10   881 F.2d at 751.   Rather than merely stating his conclusions, the ALJ "must set forth his own

11   interpretations and explain why they, rather than the doctors', are correct."   *Id*. (citing *Embrey*

12   *v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)).

13          In general, more weight should be given to the opinion of a treating physician than to a

14   non-treating physician, and more weight to the opinion of an examining physician than to a

15   non-examining physician.   *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).   Where not

16   contradicted by another physician, a treating or examining physician's opinion may be rejected

17   only for "'clear and convincing'" reasons.   *Id*. (quoting *Baxter v. Sullivan*, 923 F.2d 1391,

18   1396 (9th Cir. 1991)).   Where contradicted, a treating or examining physician's opinion may

19   not be rejected without "'specific and legitimate reasons' supported by substantial evidence in

20   the record for so doing."   *Id*. at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir.

21   1983)).

22   / / /

REPORT AND RECOMMENDATION
PAGE -4

01 A.     Raymond West, M.D.

02       Dr. West evaluated plaintiff on October 26, 2010, conducting a records review, physical

03 examination, and functional assessment.  (AR 294-99.)  The ALJ indicated he was giving

04 "considerable weight to Dr. West's limitations for standing/walking, and sitting." (AR 33.)

05 However, as plaintiff correctly points out, the ALJ's RFC finding did not include those

06 limitations.  The ALJ found plaintiff able to perform "light work as defined in 20 C.F.R.

07 416.967(b)," without incorporating any standing, walking or sitting limitations.  (AR 27.)

08 The ALJ did not reject those limitations – he simply failed to address them.

09       The Court notes with consternation that the Commissioner makes no meaningful

10 response to plaintiff's fairly straightforward argument.  Instead, the Commissioner does no

11 more than reiterate, at length and in considerable detail, the ALJ's decision.   (Dkt. 14 at 6-10.)

12 The Commissioner does not address the issue actually before this Court – whether the ALJ

13 failed to address significant probative evidence.  *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th

14 Cir. 1995) (ALJ "may not reject 'significant probative evidence' without explanation.")

15 (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).   In this case, the ALJ erred

16 in failing to fully address Dr. West's opinion.

17 B.     Ann Bruce, M.D.

18       Plaintiff's second assignment of error relates to the ALJ's consideration of the opinion

19 of treating psychiatrist Ann Bruce, M.D.  Dr. Bruce provided mental health treatment to

20 plaintiff over an extended period.   (AR 356-62, 365, 367-70, 372-73, 375, 378-79, 382, 385,

21 388, 391-92, 394, 396, 398, 401, 403, 408, 410, 412.)   She also referred plaintiff for neuro-

22 psychological evaluation.  (AR 312-18.)   The ALJ gave "little to no weight" to Dr. Bruce's

REPORT AND RECOMMENDATION
PAGE -5

01  assessment that plaintiff was unable to sustain employment, finding that opinion to be

02  inconsistent with the treatment notes showing "generally mild clinical findings," grossly intact

03  cognition, drug relapses, noncompliance with medication, and plaintiff's activities.   (AR 33.)

04        Plaintiff disputes the ALJ's characterization of the clinical findings and cognitive

05  problems described in the treatment notes, arguing the ALJ focuses almost exclusively on

06  selected notes that supported the ALJ's conclusion, ignoring those notes and observations that

07  did not.   Plaintiff provides numerous examples in his opening and reply briefs to support this

08  contention.   (Dkt. 13 at 7-8; Dkt. 17 at 5-10.)   Unfortunately, the Commissioner again fails to

09  respond directly to plaintiff's arguments, other than again reciting the ALJ's findings and then

10  concluding with the assertion the ALJ comprehensively analyzed the record and his

11  assessments should be affirmed.   (Dkt. 14 at 18-20.)

12        The Court agrees with plaintiff the decision fails to fully and fairly address the mental

13  health evidence that contradicts the ALJ's findings.   "Although it is within the power of the

14  Secretary to make findings concerning the credibility of a witness and to weigh conflicting

15  evidence, *Rhodes v. Schweiker*, 660 F.2d 722, 724 (9th Cir.1981), he cannot reach a conclusion

16  first, and then attempt to justify it by ignoring competent evidence in the record that suggests an

17  opposite result. *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir.1982)."   *Gallant v. Heckler*,

18  753 F.2d 1450, 1455-56 (9th Cir. 1984).

19        On remand, the ALJ should reevaluate the mental health evidence as a whole.   If the

20  ALJ finds Dr. Bruce's opinions ambiguous or inadequate, he should recontact the doctor for

21  clarification or obtain a consultative examination.   20 C.F.R. § 416.912(e) (ALJ has an

22  obligation to recontact a treating physician or psychologist when the evidence received is

REPORT AND RECOMMENDATION
PAGE -6

01 inadequate for a determination of disability).   *See also Widmark v. Barnhart*, 454 F.3d 1063,

02 1068 (9th Cir. 2006) ("[T]he ALJ should not be 'a mere umpire' during disability proceedings.

03 Rather, the ALJ has 'a special duty to fully and fairly develop the record and to assure that the

04 claimant's interests are considered.'") (quoted sources omitted).

05                                            **<u>CONCLUSION</u>**

06          For the reasons set forth above, this matter should be REMANDED for further

07 proceedings.

08          DATED this <u>15th</u> day April, 2014.

09

10

                                              Mary Alice Theiler
11                                            Chief United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -7